**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1654-B**

Judge T. Russell McClelland
DEC 29, 2020 09:25 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| TRENESA TATE-THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW TRENESA TATE-THOMAS (hereinafter "Plaintiff") and file this Complaint against Defendant WAL-MART STORES EAST, LP (hereinafter "Defendant") and shows this Court as follows:

### JURISDICTIONAL STATEMENT

1.

Plaintiff is a resident of Clayton County, Georgia, and submits to the jurisdiction and venue of this Court.

2.

Defendant is an foreign limited partnership, authorized to do business in the State of Georgia by virtue of its registration with the Georgia Secretary of State, and may be served with process via its registered agent: The Corporation Company, 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

3.

Defendant is subject to the jurisdiction of this Court.

4.

Venue is proper in this Court as to Defendant.

5.

Subject matter jurisdiction is proper in this Court as to Defendant.

**FACTUAL STATEMENT**

6.

On November 15, 2018, Plaintiff was an invitee at the Wal-Mart retail store located at 7050 GA-85, Riverdale, Georgia 30274 (hereinafter, the "Store").[1]

7.

While looking for a shopping cart within the Store, Plaintiff slipped on a piece of plastic from a broken hanger on the floor and fell to the floor thereby causing serious injury.

8.

Defendant's employees did not warn Plaintiff, nor take any action to keep the area free of hazards or place warning signs near the hazard.

9.

At all times relevant to this litigation, Defendant had exclusive ownership, possession, and control over the Store and its employees.

10.

As a result of the impact of falling on the floor, Plaintiff suffers from injuries to her hip, knees, and other parts of her body.

---

[1] O.C.G.A. § 9-3-33 provides that the statute of limitations for personal injury claims is two (2) years from the date of the injury. However, the Georgia Supreme Court's Third Order Declaring Statewide Judicial Emergency, entered June 12, 2020, suspended all deadlines, statutes of repose, and statutes of limitations, "stopping the clock" on all statutes of limitations from March 14, 2020, to July 13, 2020, a period of 122 days. Therefore, the applicable statute of limitations in this case expires on March 17, 2021.

## COUNT ONE – PREMISES LIABILITY

11.

Plaintiff repeats and realleges paragraphs '1' through '10' as if fully set forth herein.

12.

Plaintiff was an invitee upon the premises of the Store at the time she slipped on the broken piece of plastic and fell on the floor.

13.

Defendant owed a nondelegable duty to reasonable care in keep the premises safe for invitees such as Plaintiff.

14.

Defendant was negligent in that its employees failed to properly and safely keep the floor clear of hazards or adequately warn invitees of such hazard, creating a danger and hazard for customers, thereby failing to keep the premises safe for invitees.

15.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

## COUNT TWO – VICARIOUS LIABILITY

16.

Plaintiff repeats and realleges paragraphs '1' through '15' as if fully set forth herein.

17.

At all times relevant to this action, the individuals responsible for cleaning and maintaining the floors where Plaintiff slipped and fell were employed by Defendant and were acting within the scope of their employment.

18.

Defendant is responsible for the conduct of these individuals under the doctrines of *respondeat superior*, agency, or apparent agency.

## COUNT THREE – NEGLIGENT TRAINING AND SUPERVISION

19.

Plaintiff repeats and realleges paragraphs '1' through '18' as if fully set forth herein.

20.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that floors are safe, dry, and clean, and to place warning for hazards in a safe manner.

21.

Defendant was negligent in training and supervising its staff.

22.

As a result of Defendant's negligence in training and supervising its employees, Plaintiff was injured at the Store.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

**WHEREFORE,** Plaintiff respectfully prays:

a. That Summons issue requiring the above-named Defendant to answer each allegation of this Complaint within the time provided by law;

b. That Plaintiff have judgment against Defendant in such an amount to compensate Plaintiff for Plaintiff's past, present, and future injuries and damages resulting from the subject incident and Plaintiff's special damages;

c. That all costs be cast against Defendant; and,

d. For such other relief as this Court deems just and proper.

Respectfully submitted, this the 29th day of December, 2020.

BY:   BRODERICK LAW GROUP, P.C.

Scott B. Kuperberg
Georgia Bar No.: 430441
Jonathan Broderick
Georgia Bar No: 351459
Suzette Broderick
Georgia Bar No.: 963871
*Attorneys for Plaintiff*

BRODERICK LAW GROUP, P.C.
5950 Live Oak Parkway, Suite 370
Norcross, Georgia 30093
Tel: (404) 981-9935
scott@blginjurylaw.com
jonathan@blginjurylaw.com
suzy@blginjurylaw.com

Franklin R. Evans
Georgia Bar No.: 142154

Franklin Evans Law Firm, LLC
P.O. Box 7279
Chestnut Mountain, Georgia 30502
Tel.: (404) 641-8165
Franklinevans.atty@gmail.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

TRENESA TATE-THOMAS,                                  Civil Action File No.
                                                      20SC-1654-B
        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP, and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

Page -1-

<u>FOURTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>SIXTH DEFENSE</u>

Plaintiff's claims are barred by the applicable statutes of limitation.

<u>SEVENTH DEFENSE</u>

Plaintiff's claims are barred by laches.

<u>EIGHTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.  Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.  Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

6.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's

Complaint.

9.

Defendant admits only that it operated the subject store.  Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant repeats and realleges its answers to paragraphs 1 through 10 as if fully set forth herein.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint. The applicable statute and case law speak for themselves and have been omitted.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant repeats and realleges its answers to paragraphs 1 through 15 as if fully set forth herein.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant repeats and realleges its answers to paragraphs 1 through 18 as if fully set forth herein.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

24.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a., b., c., and d., thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No. 578190
Attorneys for Defendant
WAL-MART STORES EAST, LP


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP  has this day been filed and served upon opposing counsel via Peach Court E-File.

This the  11th  day of February, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -8-